# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4011

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Keith Allen Sjolie, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 12, 2007
Filed: June 5, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Keith Sjolie pled guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, and the district court[1] sentenced him to a term of 262 months' imprisonment, the bottom of the advisory guideline sentencing range. He appeals the sentence, arguing that the district court erred by declining to grant a downward departure under USSG § 5H1.4, or a variance under 18 U.S.C. § 3553(a), based on his medical conditions.

_____

[1] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Even after *United States v. Booker*, 543 U.S. 220 (2005), "[a] district court's refusal to grant a downward departure is generally unreviewable on appeal, unless the district court had an unconstitutional motive or erroneously believed that it was without authority to grant the departure." *United States v. Frokjer*, 415 F.3d 865, 874-75 (8th Cir. 2005) (internal quotation omitted). The district court here expressly recognized its authority to depart downward in determining the advisory guideline range, (S. Tr. 10), and its decision not to depart is thus unreviewable.

We do review, however, whether the ultimate sentence was unreasonable with regard to 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 261; United States v. Mickelson, 433 F.3d 1050, 1052-55 (8th Cir. 2006). Here, the sentence imposed was within the advisory guideline range, but Sjolie argues that his serious medical conditions made it unreasonable for the district court to impose such a lengthy sentence.

The Sentencing Commission recommends that a sentence be reduced below the otherwise applicable advisory range based on physical condition only when a defendant suffers from an "extraordinary physical impairment." USSG § 5H1.4. In considering whether that circumstance is present, "a defendant's physical condition must be assessed in the light of the situation the defendant would encounter while imprisoned." *United States v. Johnson*, 318 F.3d 821, 826 (8th Cir. 2003). We reversed, for example, a downward departure based on a serious heart condition, where "imprisonment would not constitute more than normal hardship" for the defendant, "subject him to more than normal inconvenience or danger," or have a substantial present effect on his ability to function in the prison environment, as opposed to the outside world. *Id.* After *Booker*, a sentencing court may consider characteristics of the defendant beyond those identified by the Sentencing Commission as grounds for departure, 18 U.S.C. § 3553(a)(1), but the court must still consider the Commission's policy statements as advice, § 3553(a)(5), and also heed

the congressional direction to avoid unwarranted sentence disparities. *Id.* § 3553(a)(6).

Explaining its decision in this case, the district court found that Sjolie's "medical needs will be well taken care of" by the Bureau of Prisons (BOP), noting that "[w]e have extraordinarily fine medical facilities, including access to the Mayo Clinic." (S. Tr. at 16-17). Sjolie contends on appeal that the BOP will not accommodate a re-fitting of his prosthetic leg, but he has not shown that a re-fitting is medically necessary, or that the BOP cannot arrange for this procedure if it becomes medically necessary. Sjolie offered no persuasive evidence that he will face unusual hardship or danger in prison. Under those circumstances, we do not think it was unreasonable for the district court to impose a sentence comparable to that recommended for other similarly-situated defendants.

Other sentencing factors also support the district court's decision. An appropriate sentence should afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B), (C). The record shows that Sjolie continued to distribute drugs despite his medical problems, even trafficking nine pounds of methamphetamine several months *after* he pled guilty to the original indictment while awaiting sentencing. (S. Tr. 4, 5). The evident need to deter this conduct and to protect the public from additional crimes undermines Sjolie's suggestion that little or no prison term is appropriate in his case. These considerations support the reasonableness of the district court's decision to sentence within the advisory guideline range.

For the foregoing reasons, we affirm the judgment of the district court.

_____